UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEXTER ANDERSON,

                   Plaintiff,         Civil Action No. 15-11703
                                        Honorable Gershwin A. Drain
                                        Magistrate Judge David R. Grand

v.

B. TRUE, ARDETTA MOODY,
MATTHEW BURNETT, and
ANDRE McCLATCHEY,

                   Defendants.
_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, MOTION TO STRIKE DEFENDANTS' ANSWER [23]

**A.    REPORT**

       *1.*    *Factual Background*

On May 11, 2015, *pro se* plaintiff Dexter Anderson ("Anderson") filed his complaint in this case, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants True, Moody, Burnett, and McClatchey (collectively "Defendants"). (Doc. #1). Essentially, Anderson alleges that Defendants violated his First Amendment rights by retaliating against him for filing an administrative grievance while incarcerated at the Federal Correctional Institution ("FCI") in Milan, Michigan. (*Id.*). On May 18, 2015, this case was referred to the undersigned for all pretrial purposes. (Doc. #6).

In his complaint, Anderson alleges that, on or about June 5, 2013, he requested

that Defendant Ardetta Moody, Unit Manager, verify his Inmate Trust Fund account balance for purposes of gaining *in forma pauperis* status in a separate piece of litigation. (Doc. #7 at ¶14). According to Anderson, Moody refused to sign, so he sought the assistance of Associate Warden True and a prison secretary. (*Id.* at ¶¶15-16). Anderson claims that on June 7, 2013, Moody summoned him to her office "to chastise and berate" him, and was "very disrespectful and hostile," threatening to send him to the Special Housing Unit for going to others for help with the Trust Fund account verification. (*Id.* at ¶17). As a result of these alleged "verbal threats" from Moody, Anderson complained about Moody's conduct through the prison grievance system. (*Id.* at ¶10). Anderson alleges that in retaliation for filing this administrative grievance, Moody conspired with Defendant Matthew Burnett to transfer him from FCI Milan to FCI Danbury, which he considers to be a less desirable placement. (*Id.* at ¶¶7-8, 24-25).

On November 3, 2015, Defendants timely filed an answer to Anderson's complaint, denying Anderson's allegations regarding an alleged violation of his First Amendment rights at FCI Milan. (Doc. #21). Specifically, Defendants denied that Anderson was summoned to Moody's office to be chastised for seeking help with the verification form, that Moody was disrespectful or hostile, and that she threatened to send Anderson to the Special Housing Unit. (*Id.* at ¶17). Defendants further denied that they attempted to retaliate against him in any way, including by transferring him to FCI Danbury. (*Id.* at ¶¶23-24, 30, 45, 49, 51).

On November 27, 2015, in the midst of ongoing discovery, Anderson filed the instant Motion for Judgment on the Pleadings or, in the Alternative, to Strike Defendants'

Answer. (Doc. #23). In his motion, Anderson asserts that his "well-pleaded allegations must be taken as true" and, therefore, he is "entitled to judgment based on the merits." (*Id.* at 4). In the alternative, Anderson asks the Court to strike "most" of Defendants' answers, since they "do not flat-out deny or admit the allegations" in his complaint, nor do they "address the substance of [his] allegations," in violation of Fed. R. Civ. P. 8. (*Id.* at 5). Defendants filed a response in opposition to Anderson's motion (Doc. #24), and Anderson filed a reply (Doc. #26). The matter is now ripe for ruling.

    2.    *Analysis*

Pursuant to Fed. R. Civ. P. 12(c), a motion for judgment on the pleadings may be granted where "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation and citation omitted). As the Sixth Circuit noted, "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings **of the opposing party** must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (internal quotation and citation omitted) (emphasis added).

In this case, as set forth above, Defendants' answer unequivocally denies Anderson's allegations regarding alleged violations of his First Amendment rights. (Doc. #21). Specifically, Defendants deny that Anderson was summoned to Moody's office, that he was chastised for seeking help with the verification form, that Moody was disrespectful or hostile to him, and that she threatened to send him to the Special Housing Unit. (*Id.* at ¶17). Defendants further deny that, after Anderson filed his grievance

against Moody, they retaliated against him in any way, including by transferring him to FCI Danbury. (*Id.* at ¶¶23-24, 30, 45, 49, 51). Anderson asserts that, "Simply denying [his] allegations that the defendants violated his First Amendment rights is not enough to overcome a ruling in favor of the plaintiff." (Doc. #26 at 5). But this is incorrect: on a motion for judgment on the pleadings <u>filed by Anderson</u>, the Court must accept the statements of Defendants – the non-moving parties – as true. *See Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1107-08 (6th Cir. 2012); *JP Morgan Chase Bank,* 510 F.3d at 582. Thus, where genuine issues of material fact remain as to Anderson's entire retaliation claim, his motion for judgment on the pleadings should be denied.

In the alternative, Anderson asks the Court to strike "most" of Defendants' answer, as well as all three of their affirmative defenses. (Doc. #23 at 5-12). Pursuant to Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike affirmative defenses are "generally disfavored"; indeed, it is "well established that the action of striking a pleading should be sparingly used by the courts." *Howard v. Gardon*, 2011 WL 4708790, at *2 (E.D. Mich. Aug. 24, 2011) (internal quotation and citation omitted). Here, Anderson argues that most of Defendants' answers are insufficient because they do not fairly "address the substance" of his allegations, as required by Fed. R. Civ. P. 8(b)(2). (Doc. #23 at 5). Reviewing Defendants' answer, however, it is clear that Anderson's argument is without merit. In some instances, Defendants outright deny Anderson's allegations, consistent with Fed. R. Civ. P. 8(b)(1)(B). (*E.g.,* Doc. #21 at ¶¶3-5, 23-24, 45-48). In other instances, Defendants state that they lack information

4

sufficient to form a belief about the matter asserted, which has the effect of a denial, consistent with Fed. R. Civ. P. 8(b)(5). (*E.g.,* Doc. #21 at ¶¶14-16, 18, 20, 38). And, in still other instances, Defendants admit that parts of a paragraph are true, while denying the rest, as required by Fed. R. Civ. P. 8(b)(4). (*E.g.,* Doc. #21 at ¶¶2, 13, 31, 49-50). For all of these reasons, the Court finds that Defendants' answer is sufficiently clear and fairly responds to the substance of each of Anderson's allegations.[1]

Finally, Anderson moves to strike Defendants' qualified immunity and exhaustion affirmative defenses, apparently because, in Anderson's opinion, Defendants have not definitively established either defense. (Doc. #23 at 6-10). But, Defendants' assertion of these defenses in their answer is proper under Fed. R. Civ. P. 12(b), which states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." At this point, then, when discovery is ongoing, Defendants need not fully establish the validity of their affirmative defenses, and there is no basis to strike these from Defendants' answer. Similarly, Anderson asks the Court to strike Defendants' affirmative defenses that he has failed to state a claim against Defendant McClatchey. (Doc. #23 at 10-12). The Federal Rules provide that the defense of "[f]ailure to state a claim upon which relief can be granted" may be raised in an answer to a complaint. *See* Fed. R. Civ. P. 7(a), 12(h)(2)(A). Again, Defendants need not fully

---

[1] In his motion, Anderson takes issue with Defendants' answer to the extent it asserts that an allegation "speaks for itself" and to the extent it states that an allegation "contains legal conclusions to which no response is required." (Doc. #23 at 6 (referencing paragraphs 1, 9, 11, 21, 27, and 32 of Defendants' answer)). Having reviewed the substance of Anderson's allegations in these paragraphs, as well as Defendants' answers, the Court is not persuaded that Defendants' answers are inadequate. Regardless, however, Defendants have – in response to Anderson's motion – provided amended answers to each of the paragraphs at issue (Doc. #24 at 7-8), which the Court finds sufficient.

5

prove this affirmative defense at this stage of the proceedings, and it should not be stricken.

**B.    RECOMMENDATION**

For the reasons stated above, **IT IS RECOMMENDED** that Anderson's Motion for Judgment on the Pleadings or, in the Alternative, to Strike Defendants' Answer (**Doc. #23**) be **DENIED**.

Dated: February 26, 2016                          s/David R. Grand
Ann Arbor, Michigan                                DAVID R. GRAND
                                                   United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2016.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
