UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<span>EXTER</span> A<span>NDERSON</span>,

    Plaintiff,

v.

B. T<span>RUE</span>, Associate Warden in his individual capacity,
A<span>RDETTA</span> M<span>OODY</span>, Unit Manager in her individual capacity,
M<span>ATTHEW</span> B<span>URNETT</span>, Case Manager in his individual capacity,
A<span>NDRE</span> M<span>C</span>C<span>LATCHEY</span>, Counselor in his individual capacity,

    Defendant.
                                /

Case No. 15-cv-11703

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span> J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

U<span>NITED</span> S<span>TATES</span> M<span>AGISTRATE</span> J<span>UDGE</span>
D<span>AVID</span> R. G<span>RAND</span>

**O**PINION AND **O**RDER **O**VERRULING **P**LAINTIFF'S **O**BJECTIONS **[33]**, **A**CCEPTING THE **R**EPORT AND **R**ECOMMENDATION **[28]**, AND **D**ENYING **P**LAINTIFF'S **M**OTION FOR **J**UDGMENT ON THE **P**LEADINGS **[23]**

**I. I**NTRODUCTION

Dexter Anderson ("Plaintiff") brought this action against B. True, Ardetta Moody, Matthew Burnett, and Andre McClatchey ("Defendants") pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) on May 11, 2015. Dkt. No. 1. Plaintiff alleges that Defendants violated his First Amendment rights by retaliating against him for filing an administrative grievance while incarcerated at the Federal Correctional Institution ("FCI") in

-1-

Milan, Michigan. *Id.* This Court referred the matter to Magistrate Judge David R. Grand on May 18, 2015. Dkt. No. 6.

On November 27, 2015, Plaintiff filed a Motion for Judgment on the Pleadings, or in the Alternative, to Strike Defendants' Answer. Dkt. No. 23. The Magistrate Court issued a Report and Recommendation on February 26, 2016. Dkt. No. 28. Magistrate Judge Grand recommended that the Plaintiff's motion be denied. Plaintiff filed an objection to the report on March 28, 2016. Dkt. No. 33. For the reasons discussed herein, the objection is **OVERRULED**, and Magistrate Judge Grand's Report and Recommendation is **ACCEPTED**.

## II. BACKGROUND

Plaintiff alleges in his complaint that the Federal Bureau of Prison employees and the Defendants violated his First Amendment rights while Plaintiff was incarcerated at the FCI in Milan, Michigan. Plaintiff alleges in his complaint that because he filed grievances, the defendants retaliated against him and transferred him to another prison in Danbury, CT. Dkt. No. 7, ¶3–4.

On November 3, 2015, Defendants timely filed an answer to Plaintiff's complaint, denying Plaintiff's allegations. Dkt. No. 21. On November 27, 2015, in the midst of ongoing discovery, Plaintiff filed the instant Motion for Judgment on the Pleadings or, in the Alternative, to Strike Defendants' Answer. Dkt. No. 23.

### III. LAW AND ANALYSIS

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004).

### A. Objection No. 1–4: Plaintiff objects to the Magistrate Judge's findings of genuine issues of material fact.

Plaintiff's first four objections can be grouped together as objections to the Magistrate Judge's finding that genuine issues of fact exist. All four of the objections argue that the Magistrate Judge erred in accepting Defendants' denials as sufficient to survive a motion for judgment on the pleadings. These objections are without merit.

Pursuant to Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings may be granted where "no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal quotation and citation omitted). "For the purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* The Court " 'need not' accept as true

legal conclusions or unwarranted factual inferences." *Id.* at 581–82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

Plaintiff argues that Defendants' denials in their answer are insufficient to create a genuine issue of material fact under Fed. R. Civ. P. 56. Dkt. No. 33 at 3–4 (Pg. ID No. 264–65) ("Under Federal Rules of Civil Procedure 56, summary judgment is proper when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). However, Plaintiff has not brought a motion for summary judgment under Fed. R. Civ. P. 56. Plaintiff has moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).

While a Rule 56 motion for summary judgment requires more than a mere denial of the adverse party's pleadings, a Rule 12 motion for judgment on the pleadings requires the Court to accept the non-moving party's denials as truth. *JC Morgan Chase Bank*, 510 F.3d at 581. Therefore, Defendants' denials of Plaintiff's allegations create genuine issues of facts. Accordingly, these objections are overruled.

### B. Objection No. 5: The Defendants' denials fail to address the substance of his allegations.

Plaintiff next objects to the Magistrate Court's finding that the Defendants' answer sufficiently denied the Plaintiff's allegations. Plaintiff argues that most of

Defendants' answers "fail to address the substance of his allegations." Dkt. No. 33 at 8 (Pg. ID No. 269). This objection is also without merit.

The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In responding to a pleading, "a party must state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A), (B). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

As the Magistrate Court noted, the Defendants' answer clearly meets the standard set by Rule 8(b). All of the contested statements in the Defendants' answer either make outright denials, or state that the Defendants lack sufficient information to confirm or deny the allegation in Plaintiff's complaint. *See* Dkt. No. 21. Defendants are not required by Rule 8(b) to provide any further information. Plaintiff presents no law demonstrating that short and plain statements of denial no longer comply with Rule 8. Accordingly, this objection is overruled.

### C. Objection No. 6: Plaintiff objects to the Magistrate Judge's report that the Defendants need not establish its "affirmative defenses" at this stage.

Finally, Plaintiff objects to the Report's finding that the "defendants need not establish its 'affirmative defenses' at this stage . . .". Dkt. No. 33 at 8 (Pg. ID No. 269). Plaintiff's objection acknowledges that "defendants need not completely establish its affirmative defenses," but argues that the Magistrate Court erred because "defendants have provided nothing to support why the Court should consider these affirmative defenses." This objection is also without merit.

Fed. R. Civ. P. 12(b) requires "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Defendants have stated their affirmative defenses of qualified immunity and exhaustion within their answer, consistent with Rule 12(b) and Rule 7(a). *See* Dkt. No. 21.

Plaintiff argues that under the allegations in the Complaint, the affirmative defenses cannot survive. Dkt. No. 33 at 9 (Pg. ID No. 270). But this argument still fails to comprehend that the Federal Rules of Civil Procedure do not require a defendant to prove his theory of the case before discovery has been completed. Under Rule 12(b), a plain statement of the affirmative defense is all that is necessary. Accordingly, this objection is overruled.

## IV. Conclusion

For the reasons discussed above, the Plaintiff's Objection [33] is **OVERRULED**, the Magistrate Court's Report and Recommendation [28] is **ACCEPTED**, and the Plaintiff's Motion [23] is **DENIED**.

IT IS SO ORDERED.

Dated: May 16, 2016  /s/Gershwin A Drain
Detroit, MI  Hon. Gershwin A. Drain
  United States District Court Judge