UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>EXTER</small> A<small>NDERSON</small>,

    Plaintiff,

v.

B. T<small>RUE ET AL</small>.,

    Defendants.

_____/

Case No. 15-cv-11703

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
D<small>AVID</small> R. G<small>RAND</small>

### O<small>RDER</small> D<small>ENYING</small> M<small>OTION TO</small> V<small>OID</small> J<small>UDGMENT</small> [74]

**I. Introduction**

Dexter Anderson is a federal prisoner located in Oxford, Wisconsin. On May 11, 2015, Mr. Anderson filed a complaint alleging that prison officials violated his First Amendment rights by transferring him a different federal correctional institution. On March 20, 2017, the Court granted summary judgment against Mr. Anderson. Pending before the Court is Mr. Anderson's Motion to Void the Court's Judgment. *See* Dkt. No. 74. For the reasons that follow, the Court will DENY Mr. Anderson's Motion.

**II. Relevant Factual Background**

The original dispositive motion cutoff date in this case was April 18, 2016. Dkt. No. 22. On April 15, 2016 the Defendants filed a motion to extend the dispositive motion cutoff date to May 18, 2016. Dkt. No. 35. The Court granted that

motion. Dkt. No. 36. On May 18, 2016, the Defendants again asked to extend the dispositive motion cutoff date to June 1, 2016 (hereinafter "Defendants' Second Motion to Extend"). Dkt. No. 41. On May 19, 2016, the Court granted the Defendants' Second Motion to Extend. Dkt. No. 42.

On May 26, 2016 Plaintiff filed a Motion in Opposition to the Defendants' Second Motion to Extend (hereinafter "Plaintiff's Opposition").[1] *See* Dkt. No. 50. On June 1, 2016, the Court received the Defendants' Motion to for Summary Judgment. Dkt. No. 46.

On November 30, 2016, Magistrate Judge Grand issued a Report and Recommendation to grant the Defendants' Motion for Summary Judgment. Dkt. No. 66. On March 20, 2017, the Court accepted Magistrate Judge Grand's Report and Recommendation. Dkt. Nos. 72–73. On April 14, 2017 Plaintiff filed a Motion to Void the Judgment pursuant to Rule 60(b)(4). Dkt. No. 74.

According to the Plaintiff, because the Court accepted the Report and Recommendation before ruling on Plaintiff's Opposition to the Defendants' Second

---

[1] Plaintiff's motion was received on June 1, 2016, but not entered on the docket until June 6, 2016. However, pursuant to the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Accordingly, Plaintiff's motion is deemed filed on May 26, 2016. Dkt. No. 50, p. 4 (Pg. ID 594).

Motion to Extend, the Court deprived him of an opportunity to be heard and the judgment must be voided.

**III. Discussion and Analysis**

"Rule 60(b)(4) applies only in the *rare instance* where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d 158 (2010) (emphasis added).

Mr. Anderson does not argue the Court lacked an arguable basis for jurisdiction. Instead, Mr. Anderson argues that "[b]ecause the Court did not allow the plaintiff to be heard on his [Opposition to the Defendants' Second Motion to Extend], the judgment and order [] must be voided[.]" Dkt. No. 74, p. 2 (Pg. ID 872). Mr. Anderson is incorrect.

**1. Mr. Anderson was not Denied an Opportunity to be Heard**

First, pursuant the Federal Rules of Civil Procedure, the court may extend time "without motion or notice" if a request is made before time expires. *See* FED. R. CIV. P. 6(b)(1)(A). The Local Rules for the Eastern District of Michigan further provide that "[a] person against whom an ex parte enlargement of time has been granted may immediately move for a dissolution of the order granting enlargement." L.R. 7.1(g)(3). The Local Rules and due process provide a meaningful opportunity

to be heard, but do not guarantee a successful outcome. *See RBIII, L.P. v. City of San Antonio*, 713 F.3d 840, 845 n.4 (5th Cir. 2013) ("The Due Process Clause entitles [plaintiff] to an opportunity to heard, not a successful outcome."); *Pugel v. Bd. of Trustees of Univ. of Illinois*, 378 F.3d 659, 666 (7th Cir. 2004) ("Due process did not entitle [plaintiff] to a favorable result based on this testimony, only to a meaningful opportunity to present it."); *Ctr. for Powell Crossing, LLC v. City of Powell*, Ohio, 173 F. Supp. 3d 639, 665 (S.D. Ohio 2016) ("Procedural due process guarantees [plaintiff] only 'an opportunity to be heard, not to a successful outcome.' ") (quoting *RBIII, L.P.*, 713 F.3d at 845).

Here, the Court complied with the Federal Rules of Civil Procedure and the Local Rules. Mr. Anderson had a meaningful way to oppose the Defendants' Second Motion to Extend. However, due process and an opportunity to be heard does not require this Court to rule in his favor.

**2. The Court Implicitly Overruled Mr. Anderson's Opposition**

It is important to note that Mr. Anderson's Opposition was moot on arrival. Defendants filed their Second Motion to Extend on May 18. Magistrate Judge Grand granted that motion the next day, May 19. Although Mr. Anderson's objection is considered filed on May 26, 2016, that is a legal fiction. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("[A] pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court."). In reality, the Court did

not become aware of Mr. Anderson's objection until June 6, 2016—five days after the Defendants had already filed their motion for summary judgment.[2]

Nevertheless, the Court implicitly overruled Mr. Anderson's objection on June 29, 2016. Contemporaneously with its Motion for Summary Judgment, the Defendants filed a Motion for leave to file a thirty-six page brief. Dkt. No. 45. By granting the Defendants' Motion to exceed the page limit, the Court accepted the Defendants' Motion for Summary Judgment, albeit thirty-six pages and submitted on June 1, 2016. Dkt. No. 60.

Even if the Court somehow erred by not explicitly ruling on Plaintiff's Opposition before rendering judgment, such error is not tantamount to a denial of due process. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976). Here, the Court did not deny either side a time extension; it granted three time extensions for the Plaintiff, *see* Dkt. Nos. 32, 57, 70, and three time extensions for the Defendants, *see* Dkt. Nos. 20, 36, 42. The Court rendered judgment in this case based on the merits

---

[2] It appears that Mr. Anderson sent his Opposition to Ann Arbor, rather than Detroit. Though received in Ann Arbor on June 1, 2016. This Court did not become aware of the Opposition until June 6, 2016, when Plaintiff's Opposition was entered on the docket.

of Plaintiff's claims rather than pleading technicalities or arbitrary deadlines. Therefore both sides were afforded a meaningful opportunity to be heard.

## IV. Conclusion

For the foregoing reasons, Mr. Anderson has failed to show that this Court lacked jurisdiction or that it acted in a manner inconsistent with due process that deprived him notice or the opportunity to be heard. *See United Student Aid Funds, Inc.*, 559 U.S. at 270. Therefore, Mr. Anderson's Motion to Void Judgment pursuant to Rule 60(b)(4) [74] is DENIED.

**SO ORDERED**.

Dated: August 3, 2017　　　　　　　　　/s/Gershwin A Drain
Detroit, MI　　　　　　　　　　　　　　HON. GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 3, 2017, by electronic and/or ordinary mail.

　　　　　　　　　　/s/Tanya Bankston
　　　　　　　Case Manager, (313) 234-5213